**DENTONS US LLP**
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Tel: (973) 912-7100
Fax: (973) 912-7199
*Attorney for Defendant*
*KANSAS CITY LIFE INSURANCE COMPANY*

| | |
|---|---|
| LYNCH FINANCIAL GROUP OF NJ, LLC; and PETER LYNCH,<br><br>Plaintiffs,<br><br>vs.<br><br>KANSAS CITY LIFE INSURANCE COMPANY; MORGAN 24/7 FINANCIAL SERVICES, LLC; THOMAS VANLAARHOVEN; THOMAS MORGAN; RANDALL WARREN; HAGOP BAKHTIARIAN; ERIC ROSENTHAL; ROBERT PETZOLD; JOHN and JANE DOES 1-20; and BUSINESS ENTITIES A-J;<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. _____<br><br><br>**NOTICE OF REMOVAL OF DEFENDANT KANSAS CITY LIFE INSURANCE COMPANY**<br><br><br><br>Removed from the Superior Court of New Jersey, Monmouth County, Civil Law Division |

TO:    United States District Court - District of New Jersey
         Clarkson S. Fisher Building
         402 East State Street
         Trenton, New Jersey 08608

With Notice to:

         Clerk of the Superior Court of New Jersey
         Monmouth County, Civil Law Division
         71 Monument Street
         Freehold, New Jersey 07728

         Joshua M. Lurie, Esq. (045202006)
         Lurie|Strupinsky, LLP
         15 Warren Street, Suite 36
         Hackensack, New Jersey 07601
         Ph. (201) 518-9999   Fax. (201) 479-9955
         *Attorney for Plaintiffs*

**PLEASE TAKE NOTICE THAT** on September 8, 2023, based on the following allegations,

Defendant Kansas City Life Insurance Company ("KCLI"), did and hereby does remove this action from

1

the Superior Court of New Jersey, Monmouth County, Docket No. MON-L-002328-23, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 with full reservation of any and all defenses and objections.

1. On or about July 25, 2023, Plaintiffs Lynch Financial Group of NJ, LLC and Peter Lynch ("Plaintiffs") filed a civil action against KCLI in the Superior Court of New Jersey, Monmouth County, captioned Lynch Financial Group of NJ, LLC and Peter Lynch v. Kansas City Life Insurance Company; Morgan 24/7 Financial Services, LLC; Thomas Vanlaarhoven; Thomas Morgan; Randall Warren; Hagop Bakhtiarian; Eric Rosenthal; Robert Petzold; John and Jane Does 1-20; and Business Entities A-J, which was assigned Docket No. MON-L-002328-23 (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**.

2. Plaintiffs aver multiple counts against various defendants named in this action, including: (1) Breach of Contract (as to Defendant KCLI); (2) Negligent Misrepresentation (as to Defendants KCLI, Vanlaarhoven, Petzold, and Morgan); (3) Fraud (as to Defendants KCLI, Vanlaarhoven, Morgan, and Petzold); (4) Conspiracy to Commit Fraud (as to all Defendants); (5) Breach of Fiduciary Duty (as to Defendants Petzold, Morgan, and Bakhtiarian); (6) Conversion (as to Defendants KCLI and Rosenthal); (7) Unjust Enrichment (as to Defendants KCLI, Rosenthal, and Bakhtiarian); (8) Unconscionable Business Practices in Violation of N.J.S.A. § 56:8-1, *et seq.* (as to Defendant KCLI); (9) Unlawful Termination of Franchise in Violation of N.J.S.A. § 56:10-5 (as to Defendant KCLI); (10) Violations of the New Jersey Civil Racketeer Influenced and Corrupt Organizations (R.I.C.O.), N.J.S.A. § 2C:41-1, *et seq.* (as to all Defendants); (11) Conspiracy in Violation of the New Jersey R.I.C.O. Act, N.J.S.A. § 2C:41-1, *et seq.* (as to Defendants KCLI, Petzold, Morgan, Warren, Rosenthal, and Bakhtiarian); and (12) Punitive Damages (as to all Defendants). (*See generally* Exhibit A.)

3. KCLI received a Summons and Complaint in the State Court Action on or about August 10, 2023. A true and correct copy of the Summons and Complaint served on KCLI is attached hereto as **Exhibit B**.

2

4.      Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within thirty (30) days after service of the Complaint upon KCLI.

5.      To KCLI's knowledge, no additional process, pleading or order has been filed to date in the State Court Action other than a Track Assignment Notice, a true and correct copy of which is attached as **Exhibit C**.

6.      Written notice of the filing of this Notice of Removal will be served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

7.      A copy of this Notice of Removal is being served upon counsel for Plaintiffs and is being filed contemporaneously with the Clerk of the Superior Court of New Jersey, Monmouth County, as required by 28 U.S.C. § 1446(d).

8.      Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Monmouth County is located within the district of the United States District Court for the District of New Jersey.

9.      As is set forth in detail below, the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the true, properly joined parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PLAINTIFFS ARE DIVERSE FROM ALL PROPERLY JOINED DEFENDANTS

10.     Plaintiff Peter Lynch ("Lynch") is an individual who is a resident of New Jersey and resides in, Rumson, Monmouth County, New Jersey. (Complaint, ¶ 7.) Upon information and belief, Plaintiff Lynch owns property in New Jersey (including in Monmouth County), has a driver's license issued in New Jersey, and has professional licenses issued in New Jersey such that he has the intent to remain and is domiciled in New Jersey. Therefore, Mr. Lynch is a citizen of New Jersey.

11.     Plaintiffs assert that Plaintiff Lynch Financial Group, LLC ("LFG") is a New Jersey limited liability company with its principal place of business located at 6 Drummond Place, Suite 2, Red Bank, Monmouth County, New Jersey 07701. (Complaint, ¶¶ 6, 54.) Upon information and belief, it appears that the true legal name of LFG is Lynch Financial Group of NJ, LLC, which is managed by its

3

sole member, Mr. Lynch.  (Complaint, Exhibit 1, p. 1, Exhibit 2, p. 1, Exhibit 3, p. 1.)  "[T]he citizenship of an LLC is determined by the citizenship of its members."  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  As set forth above, Mr. Lynch is a citizen of New Jersey.  Therefore, LFG is also a citizen of New Jersey.

12.     Defendant KCLI is a corporation incorporated under the laws of Missouri, with a principal place of business at 3520 Broadway, Kansas City, Missouri 64111.  (Complaint, ¶ 8.)[1]  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, KCLI is a citizen of Missouri.

13.     Plaintiffs assert that Thomas Vanlaarhoven ("Vanlaarhoven") is an individual who resides in Bluffton, Beaufort County, South Carolina.  (Complaint, ¶ 10 (noting Vanlaarhoven is a "former" New Jersey resident who now resides in South Carolina).)[2]  Upon information and belief, Mr. Vanlaarhoven owns property in Bluffton, South Carolina, and has registered vehicles in South Carolina, such that he has the intent to remain and is domiciled in South Carolina.  Therefore, Mr. Vanlaarhoven is a citizen of South Carolina.  Alternatively, if Mr. Vanlaarhoven were to be found a New Jersey citizen at the time the Complaint was filed and at the time of removal, then KCLI would contend that Mr. Vanlaarhoven has been fraudulently joined in this action and his citizenship can be disregarded for purposes of determining diversity jurisdiction.

14.     Plaintiffs assert that Defendant Morgan 24/7 Financial Services, LLC ("Morgan 24/7") is a New Jersey limited liability company with a principal place of business at 80 Broad Street, Suite 5M, Red Bank, Monmouth County, New Jersey 077701.  (Complaint, ¶ 9.)  Upon information and belief and based on the documentation attached to the Complaint, Morgan 24/7 is managed by its sole member, Mr. Vanlaarhoven.  (Complaint, Exhibit 2, p. 1.)  As set forth above, Mr. Vanlaarhoven is a citizen of South Carolina.  Therefore, because an LLC takes on the citizenship of its member, Morgan 24/7 is also a

---

[1] The Complaint mistakenly asserts the address is "3250" Broadway.

[2] Although the Complaint refers to this Defendant as "Vanlaarhoven," exhibits to the Complaint refer to the same individual as "VanLaarhoven," and "Van Laarhoven."  (Complaint, Exhibit 2, § 10; *id.*, Exhibit 1, p. 1).  To avoid confusion, the Notice of Removal refers to this Defendant as "Vanlaarhoven."

citizen of South Carolina.[3]  Alternatively, if Morgan 24/7 were to be found a New Jersey citizen at the time the Complaint was filed and at the time of removal, then KCLI would contend that Morgan 24/7 has been fraudulently joined in this action and its citizenship can be disregarded for purposes of determining diversity jurisdiction.

15.    Plaintiffs assert that Defendant Thomas Morgan ("Morgan") is an individual and resident of Missouri and is servable at 3520 Broadway, Kansas City, Missouri 64111 (the business address of KCLI).  (Complaint, ¶ 11.)  However, upon information and belief, Mr. Morgan is not a resident of Missouri but is actually a resident of the State of Kansas, residing in Leawood, Johnson County, Kansas. Upon information and belief, Morgan owns property in Leawood, Kansas, and has registered vehicles in Kansas, such that he has the intent to remain and is domiciled in Kansas.  Therefore, Morgan is a citizen of Kansas.[4]

16.    Plaintiffs assert that Defendant Randall Warren ("Warren") is an individual residing in Cherry Hill, New Jersey.  (Complaint, ¶ 12.)  Upon information and belief, Mr. Warren is a citizen of New Jersey.  KCLI contends that Mr. Warren has been fraudulently joined in this action and that his citizenship can be disregarded for purposes of determining diversity jurisdiction.

17.    Plaintiffs assert that Defendant Hagop Bakhtiarian ("Bakhtiarian") is an individual residing in New Jersey with an address of 6 Edison Avenue, Tinton Falls, Monmouth County, New Jersey 07724.  (Complaint, ¶ 13.)  Upon information and belief, Mr. Bakhtiarian is a citizen of New Jersey. KCLI contends that Mr. Bakhtiarian has been fraudulently joined in this action and his citizenship can be disregarded for purposes of determining diversity jurisdiction.

---

[3] Paragraph 9 of the Complaint and Exhibit 1 to the Complaint reference a company called "Morgan 24/7 Wealth Management, LLC," also solely managed by Mr. Vanlaarhoven.  (Complaint, ¶ 9; *id.*, Exhibit 1, p. 3.)  Thus, to the extent that this is the correct legal name of Morgan 24/7, the citizenship analysis is the same.

[4] Even accepting Plaintiffs' allegations as to Mr. Morgan's residency as true, complete diversity would nevertheless exist.

18.    Plaintiffs allege that Defendant Eric Rosenthal ("Rosenthal") is "an individual residing in New Jersey with an address of 4525 Unbridled Song Drive, Sun City Center, Florida 33573." (Complaint, ¶ 14.)  However, elsewhere in the Complaint, Plaintiffs confirm that Rosenthal is actually a resident of Florida, not New Jersey.  Indeed, Plaintiffs allege that a "new General Agent is a personal friend of Defendant Petzold and was hand-picked by Defendants *as he lives in Florida* where Defendant Petzold also resides."  (*Id.* ¶ 3 (emphasis added).)  Plaintiffs then confirm that this "new General Agent" that purportedly lives in Florida is Mr. Rosenthal.  (*Id.* ¶ 134.)  It is unclear why Plaintiffs would omit these facts from paragraph 14 and instead allege that Mr. Rosenthal resides in New Jersey at a Florida-based address.  Upon information and belief, and based on the allegations of the Complaint, it appears Defendant Rosenthal is actually an individual residing and domiciled in Florida.  Therefore, Mr. Rosenthal is a citizen of Florida.

19.    Plaintiffs assert that Defendant Robert Petzold ("Petzold") is an individual residing in Florida with an address of 1217 Bayshore Drive, Terra Ceia Island, Florida 34250.  (Complaint, ¶ 15.)  Upon information and belief, Petzold is currently a resident of the State of Florida, owns property in Florida, has registered vehicles and vessels in Florida, has a driver's license issued in Florida, and has professional licenses issued in Florida such that he has the intent to remain and is domiciled in Florida.  Therefore, Mr. Petzold is a citizen of Florida.

20.    The Complaint also includes 20 "John and Jane Does" and "Business Entities A-J" defendants sued under fictitious names.  Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded in determining whether a civil action is removable.

21.    As described further below, KCLI contends that Mr. Warren and Mr. Bakhtiarian (both New Jersey residents) have been fraudulently joined in this action solely to destroy diversity and prevent removal to federal court, and as such, their citizenship can be disregarded for purposes of determining diversity jurisdiction.

22.    Accordingly, complete diversity of citizenship existed between the properly joined parties at the time Plaintiffs' Complaint was filed, and complete diversity of citizenship exists at the time of removal.

**FRAUDULENT JOINDER – DEFENDANTS WARREN AND BAKHTIARIAN**

23.    Plaintiffs allege that Defendants Warren and Bakhtiarian are residents of New Jersey (Complaint, ¶¶ 12-13), but the citizenship of these Defendants should be disregarded for purposes of determining diversity jurisdiction because these individuals have been fraudulently joined by Plaintiffs. When the citizenship of these individuals has been disregarded, complete diversity of citizenship exists between the properly joined parties.

24.    "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).  A diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216.

25.    Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'"  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992) (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).  "Although the phrase has been used by many district courts, it is not necessary to find 'fraud' to justify removal," only that the party was not "properly joined and served." *See Markham v. Ethicon, Inc.,* 434 F. Supp. 3d 261, 265 (E.D. Pa. 2020).

26.    Fraudulent joinder is also an exception to the forum defendant rule, which prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2), because the statutory rule only "precludes removal on the basis of in-state citizenship only when the defendant has been *properly joined* and served." *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 902 F.3d 147, 152 (3d Cir. 2018)

(emphasis added); *see also Stiglich v. Chattem, Inc.*, No. 12-CV-1858 RMB-KMW, 2012 WL 5403437, at *2 (D.N.J. Nov. 5, 2012)).

27.     The following counts alleged in the Complaint implicate Defendants Warren and Bakhtiarian: Count 4 (Conspiracy to Commit Fraud) (against all Defendants); Count 5 (Breach of Fiduciary Duty) (implicates Defendant Bakhtiarian); Count 7 (Unjust Enrichment) (implicates Defendant Bakhtiarian); Count 10 (New Jersey R.I.C.O.) (against all Defendants); Count 11 (Conspiracy in violation of New Jersey R.I.C.O.) (implicates Defendants Warren and Bakhtiarian); and Count 12 (Punitive Damages) (against all Defendants).

28.     However, the crux of Plaintiffs' allegations centers around the alleged improper termination of Plaintiffs' General Agency Contract by KCLI (a Missouri citizen).  (Complaint, ¶¶ 1-5.) The inclusion of New Jersey residents Mr. Warren and Mr. Bakhtiarian – who were not parties to that Contract – as Defendants and participants to an alleged conspiracy to undermine the General Agency Contract is a meritless attempt to destroy diversity jurisdiction and deny KCLI's right to federal jurisdiction.  Indeed, there is no reasonable basis in fact supporting the claims against these Defendants because they have no alleged involvement in the purportedly wrongful conduct of which Plaintiffs complain.  The remaining Defendants are citizens of South Carolina, Kansas, Missouri, and Florida. Plaintiffs' claims against fraudulently joined Defendants Warren and Bakhtiarian are wholly insubstantial and frivolous.

29.     Critically, the minimal role that Defendant Warren allegedly plays in the alleged conspiracy giving rise to the frivolous claims against him is simply as an individual involved in prior unsuccessful sales negotiations before Plaintiffs were awarded the General Agency Contract.  (*See* Complaint, ¶¶ 5, 25-26 ("This deal never came to fruition.").)  The alleged role of Defendant Bakhtiarian (allegedly Plaintiffs' top performing employee) is even more attenuated because he is simply alleged to have requested an increase in pay, to have requested a transfer to Mr. Rosenthal's agency, and to have been removed from Plaintiffs' employ by another Defendant.  (*Id.* ¶¶ 73, 75, 89, 93.)  Plaintiffs do not allege that Defendant Bakhtiarian was in any way involved in the events leading to the termination of the

General Agency Contract. (*See id.*, ¶¶ 8, 98-136.) There are simply no allegations specifically connecting the actions of either Mr. Bakhtiarian or Mr. Warren to any of the alleged injuries of which Plaintiffs complain. The only rational conclusion is that these Defendants were added to this case to destroy diversity.

30. All of the claims against these Defendants are wholly without merit because the Complaint is devoid of any specific factual allegations setting forth the particular actions for which Plaintiffs seek to hold these Defendants liable. Thus, there is no colorable claim against these Defendants for which Plaintiffs can, in good faith, pursue in this action. *See, e.g.*, *Sussman v. Cap. One, N.A.*, No. 14-01945 FLW, 2014 WL 5437079, at *6 (D.N.J. Oct. 24, 2014) (finding fraudulent joinder of four defendants involved in alleged "aiding and abetting" employment discrimination because there was no colorable claim against said defendants where claims were barred as a matter of law and allegations connecting these defendants' actions to plaintiffs complained-of principal violation could not substantiate a claim).

31. The allegations against Defendants Warren and Bakhtiarian, vague as they are, appear to be based solely on the suspicion that they were involved in an alleged "conspiracy" to undermine the General Agency Contract. It is evident from the face of the Complaint that these Defendants have no involvement in the true subject matter of the instant litigation – i.e., breach of contract and fraud claims relating to Defendant KCLI's termination of the General Agency Contract. (*See* Complaint, Counts 1, 2, and 3.) Indeed, only Defendant KCLI and Plaintiff Lynch were parties to the General Agency Contract, and the agreement's plain language permitted either party to terminate it *without cause*. (*See id.*, Exhibit 5, §§ 1, 8.) Thus, as a matter of law, Defendants Warren and Bakhtiarian could not have been parties to an alleged "conspiracy" to do something entirely lawful (here, the lawful termination of the General Agency Contract).

32. Plaintiffs' claims against Defendants Warren and Bakhtiarian, appear designed for the sole purpose of destroying diversity to prevent removal to federal court. Given their fraudulent inclusion

in this suit, their presence cannot destroy diversity. *See In re Diet Drugs,* 220 F. Supp. 2d 414, 419 (E.D. Pa. Aug. 13, 2002) (stating that "[t]he presence of a party fraudulently joined cannot defeat removal").

33.    Accordingly, Plaintiffs are diverse from all properly joined Defendants, and the requirements for removal based on diversity of citizenship are satisfied.

## AMOUNT IN CONTROVERSY

34.    On its face, the Complaint seeks damages "in an amount to be determined at trial, but no less than $500,000.00." (Complaint, ¶ 166.) Plaintiffs also seek an award of punitive damages. (*Id.* ¶¶ 210–215, and Prayer for Relief.)

35.    KCLI disputes Plaintiffs' entitlement to recover any of the amounts that are or may be sought in this action.

36.    In light of the foregoing, the amount in controversy in this matter exceeds $75,000.

## CONSENT

37.    At the time of filing this Notice of Removal, Plaintiffs have not filed any affidavits or proofs of service in the State Court Action. Upon information and belief, Plaintiffs have served Defendants KCLI, Bakhtiarian, and Petzold. KCLI is not aware that Plaintiffs have served any other Defendants.

38.    Defendant Bakhtiarian's consent is not required because he has been fraudulently joined. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been *properly joined and served* must join in or consent to the removal of the action.") (emphasis added); *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined."); *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) (same).

39.    Defendant Petzold consents to removal. A true and correct copy of Defendant Petzold's notice of consent is attached hereto as **Exhibit D**.

**WHEREFORE**, because the Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and

costs, KCLI respectfully requests that the State Court Action be removed from the Superior Court of New

Jersey, Monmouth County, to the United States District Court for the District of New Jersey.

DENTONS US LLP

By: s/Erika M. Lopes-McLeman
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
*Attorney for Defendant*
*Kansas City Life Insurance Company*

Dated:  Short Hills, New Jersey
September 8, 2023

11